**McMURRAY, Plaintiff-Appellee v McMURRAY, Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3483. Decided January 15, 1943.

Pealer & Tuttle, Columbus, for plaintiff-appellee.
C. Eugene Smith, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This proceeding is now being determined as upon an appeal on questions of law. There is one question, namely, did the trial judge err in refusing to order the matter then pending before it transferred to a court of another county upon the affidavit of defendant filed in the cause.

Briefly, the germane facts in this case are that in October, 1939, the plaintiff filed her petition against the defendant for a decree of divorce, alimony and support money for the minor child of the parties. Many interim orders were made, temporary alimony and support money fixed by the court, defendant cited in for contempt for failure to observe orders, and finally in April, 1940, a decree of divorce was granted to the plaintiff. Defendant was found to be in arrears in the payment of temporary alimony and support money in the amount of $175.00, for which judgment was entered, and defendant was ordered to pay to the plaintiff for the support of their minor child the sum of $50.00 per month, and to make certain payments on the arrearage. Thereafter, a rule in contempt was issued against the defendant in May, 1940, and upon hearing, defendant in April, 1941, was found guilty as charged and ordered to purge himself of the contempt by the making of certain payments which were set out in the order. In June, 1941, the defendant moved to modify the former order of the court made of date April 8, 1940, which motion was overruled. In February, 1942, another citation in contempt was issued against the defendant, the charge against the defendant being that he had failed to observe the specific order of date April 28, 1941, adjudging that he was guilty of the contempt of which he had theretofore been charged.

It appears that a hearing on this citation was set for February 28, 1942, and in the transcript of docket and journal entries we have an entry filed of date March 4, 1942, which recites that, "This day this cause came on for hearing upon a motion filed by the defendant herein for a change of venue, and was argued by counsel; and the court being duly advised finds that said motion is not well taken and it is hereby overruled."

The court then made a further finding that the defendant was in contempt as charged and fixed the terms and conditions of payment with which the defendant should comply to purge himself of the contempt. Under date of February 26, 1942, an application was made by defendant, supported by affidavit, to effect that "a fair and impartial hearing and determination of the matters with reference to support or modification of this cause can not be had before this court and defendant moves that a change of venue be allowed", etc.

It is insisted that §12000 GC is controlling of the rights of the defendant to a change of venue, that its terms are positive and that upon the filing of the application supported by an affidavit there is nothing other or further for the Judge in the jurisdiction wherein the application is filed, to do, but to grant the prayer of the application.

We then have the question if §12000 GC applies. It reads:

"Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not be had before the Court in which a petition for divorce and alimony is filed, a change of venue shall be allowed, and the cause removed to some county in the same judicial district for hearing and determination."

Many decisions have been written under this section, holding that it is effective in terms, the latest of which is **State, ex rel. Grogen v Wanamaker, Judge, 139 Oh St 293.** We are of the opinion that the statute has no application in this case for two reasons: First, at the time that the hearing was had, when the defendant filed his application for change of venue, the matter came on upon the action of the defendant. He thus sought a judicial order of the tribunal to which he objected by his application for change of venue. This inconsistent position can not be justified  Second, and of more substance, is the fact that the judgment in the divorce case had been entered and the determination of alimony money and support money made before the application for change of venue was filed. Thus the application was not timely made, and before the cause came on for consideration upon its merits. The last two paragraphs of Judge Turner's opinion in **State, ex rel Grogan v Wanamaker** impresses the necessity for timely application for the change of venue, and recites that in the case there under consideration, the application and the affidavit for change of venue having been made prior to a hearing on the merits, the appellant had a right to a change of venue to another county in the same judicial district.

The hearing before the court at the time that the application of the defendant was filed was with respect to the former order of

the court, there was nothing other or further to determine but that the order finding defendant guilty of contempt should be enforced. In no view of the factual situation presented at the time the application for change of venue was tendered to the trial court could the section, 12000 GC, have been given application.

The judgment will be affirmed.

GEIGER, P. J., and BARNES, J., concur.